In re GRANT BROADCASTING OF PHILADELPHIA, INC. (Jointly Administered With Grant Broadcasting System, Inc., Channel 33, Inc., Grant Broadcasting of Chicago, Inc., and Grant Broadcasting of Chicago Limited Partnership).

Bankruptcy No. 86–05614S.
Civ. A. Nos. 87–1667, 87–1668.

United States District Court,
E.D. Pennsylvania.

April 24, 1987.

Marc C. Sonnenfeld, Philadelphia, Pa., for debtor.

Nathan B. Feinstein, Philadelphia, Pa., for Secured Noteholders.

Doron A. Henkin, Philadelphia, Pa., for Viacom Intern.

Howard T. Glassman, Leon S. Forman, Philadelphia, Pa., for Programmers.

Mary F. Walrath, Philadelphia, Pa., for Unofficial Creditors Committee.

## MEMORANDUM OPINION

BECHTLE, Judge.

This Memorandum Opinion supplements the court's Order dated April 13, 1987, reinstating certain appeals in this case that were dismissed on the basis of proposed orders dispatched from the clerk's office suggesting that the dismissals should take place. Following those dismissals there was filed before the court (1) the Secured Noteholders' "Motion to Rescind and Amend Order of Dismissal;" and (2) the "Programmers' Motion to Vacate District Court Order Entered March 30, 1987 and to Reinstate the Appeal of Bankruptcy Court Order Entered February 26, 1987." When the court reinstated the appeals in its Order of April 13, 1987, it also stated that a Memorandum Opinion would follow. This is that Memorandum Opinion.

These reinstated appeals, Civil Action Nos. 87–1667 and 87–1668, had been dismissed for what is now known to be a series of errors associated with the filing of documents in the clerk's office. The purpose of this Memorandum Opinion is twofold. First, it is to correct the impression that has been circulating that the errors were made by the clerk's office or by the court, which we now know to be untrue. Secondly, it is to elevate to court-Order status the expectation by the court that attorneys practicing in the Bankruptcy Court exercise increased care and discipline in respect to understanding the administrative requirements of the Bankruptcy Court

matters and cases so that events like those experienced here can be avoided in the future. The parties have advised the court that they will be filing many more appeals in this bankruptcy case and for that reason alone, some articulation of the requirements of the attorneys' role in administering these appeals should be stated so that the resolve of the court can be fully appreciated.

An explanation of the problems associated with these two civil appeals (Civil Action Nos. 87–1667 and 87–1668) will be the best vehicle to bring this about for any future appeals in this or any other case.[1]

Our starting point is with the recognition that while the filing procedures in bankruptcy matters are somewhat detailed, they are not beyond comprehension and application, *provided* reasonable efforts are made to learn them and apply them with that degree of seriousness and professionalism needed by the litigants, required by the court, and relied upon by the clerk's office.

As expected, we begin with the time-honored and all essential numbering system that holds all of the court system together. If this system is understood and applied, experience has shown that all goes well. If this system is misunderstood, or if shortcuts are taken, or if it is carelessly applied, all goes poorly as typified by the filings in these two appeals.

There are three primary blocks of numbers that come into play in regard to bankruptcy matters. For those items filed in the Bankruptcy Court with the bankruptcy clerk, bankruptcy numbers are used and are simply designated, for example, "Bankruptcy No. 86–05614S" which describes a 1986 case with the sequential case number being No. 5614, and the "S" showing it to be assigned to Bankruptcy Judge David A. Scholl. The Bankruptcy Court clerk's office is on the third floor of the Courthouse, as is the Philadelphia-based part of the Bankruptcy Court itself, and these bank-

1. The court is confident that the parties to this case, by reason of what has occurred up to this time, are not likely to have difficulties in the future concerning the procedural problems described in this Memorandum Opinion. Nevertheless, in the court's view, the Memorandum Opinion is necessary in order to deter like conduct in the future by other attorneys in this, as well as in other cases. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

ruptcy numbers are provided by that clerk's office, at that place, and nowhere else.

On the second floor of the Courthouse is the clerk's office for the United States District Court, where all matters and cases coming to the district court, *except bankruptcy matters and cases,* are filed. The district court clerk uses two blocks of numbers routinely in respect to civil matters. They are either a "civil action" number or a "miscellaneous" number. An example of a designation of a civil action number would simply be "Civil Action No. 87–1667." This simply denotes the sequential number (1667) of a civil action filed in the year 1987 (87). A typical miscellaneous number would be "Miscellaneous No. 87–0099." This, too, shows the year of filing and the sequential miscellaneous item. The clerk applies civil action numbers to actual cases and controversies where there is an adversarial setting and it is plain that the relief being requested ultimately will be a judgment or a decree from the district court. Matters which are not fully adversarial, which will not become a case or controversy resulting in a final judgment or decree, but which are collateral to such matters, are given miscellaneous numbers. A motion for stay pending appeal is a classic example of when a miscellaneous number is utilized, provided it does not arise out of a matter already assigned a *civil action* number. Matters that are expected to employ the full range of the Federal Rules of Civil Procedure in respect to pleadings, discovery, and the like, are the classic examples of when civil action numbers are used. Other examples of when civil action numbers are used include appeals from other tribunals or administrative agencies, such as the Social Security Administration, or, as in this instance, the Bankruptcy Court.

Attorneys appearing before the Bankruptcy Court in respect to matters that are given a bankruptcy number expect that the bankruptcy judge, from time to time, will issue orders out of that case respecting their clients' rights, and all of those orders will bear the same bankruptcy number that was provided by the bankruptcy clerk in the first instance. An attorney desiring to appeal from such a bankruptcy order files a notice of appeal with the clerk of the Bankruptcy Court. Thereafter, within a twenty-four (24) day period, the attorneys affected by the appeal have an opportunity, in accordance with Bankruptcy Rule 8006, to file and serve a designation of the items to be included in the record on appeal and a statement of the issues to be determined in the appeal before the district court. After the attorneys designate and counter-designate, the clerk assembles what has been designated and physically transmits that designated record over to the district court where it is filed as a *civil action,* given a civil action number, and takes its place on the docket of the district court to be heard as all other civil actions. There are some instances where an attorney in the Bankruptcy Court who has initiated this appeal procedure by filing a notice of appeal with the bankruptcy clerk, seeks an additional order from the Bankruptcy Court to stay the effect of that Bankruptcy Court order until the appeal is finally heard in the district court. If the bankruptcy judge issues such an order granting a motion for stay pending appeal, his previous order is obviously stayed. If he refuses to grant the motion for stay pending appeal, the attorney (and this is usually within the twenty-four (24) day period when the appeal record is being assembled in the Bankruptcy Court) may come to the district court and file a motion before the district court to stay the bankruptcy judge's order that is being appealed from. This motion would be given a "miscellaneous" number by the district court clerk. These miscellaneous matters often times are decided within a day or two after they are filed, and in many instances during the twenty-four (24) day period when the appeal record is being assembled in the bankruptcy clerk's office. If the district court grants the motion to stay, the Bankruptcy Court order appealed from would be stayed, *but* the appeal process of assembling the record and the issues in the Bankruptcy Court continue to proceed. The appeal is not affected in any way by the district court's disposition of the motion to stay the underlying Bankruptcy Court order. Once the district court disposes of its miscellaneous motion, one

way or the other, that miscellaneous number has no more significance other than historical significance, or possibly as a basis to seek relief from the court of appeals.

The foregoing procedure, though detailed, is rather fundamental and uncomplicated if it is followed. In the two appeals before the court at this time the system was either not understood by the attorneys, or it was understood and then either ignored or forgotten. That circumstance caused the bankruptcy clerk's office, the district court clerk's office, and this court to spend a considerable amount of time to unravel exactly what happened and why it happened. The outcome of that inquiry demonstrates that the clerk did exactly what it could be expected to do, and the attorneys did not do what they were required to do. The suggestion that the error was in the clerk's office was apparently made as casually and as indifferently as the filing requirements were considered and applied by the attorneys.

With the foregoing background in mind, let us take up the details of the appeals in question.

## I. *The Secured Noteholders' Appeal (Civil Action No. 87–1667)*

 Civil Action No. 87–1667 is the Secured Noteholders' appeal from the Bankruptcy Court's order of February 26, 1987, which approved the Settlement Agreement between the debtor and Viacom International, Inc. ("Viacom"), and it was dismissed by this court by Order dated and filed March 30, 1987. The reason for the dismissal was what we now know to be the correct assertion by the bankruptcy clerk's office that it had not received from the attorneys (1) a properly submitted designation of contents for inclusion in the record on appeal, and (2) a properly submitted statement of the issues in respect to the appeal from the Order approving the Viacom settlement. The record shows that a designation of contents and a statement of issues were submitted by the attorneys to the Bankruptcy Court clerk (*see* Exhibit G of Secured Noteholders' "Motion to Rescind and Amend Order of Dismissal," filed March 31, 1987). That designation, however, was improperly prepared and submitted in two respects. First, the single designation attempted to designate the record on appeal for two separate appeals from two different Bankruptcy Court orders: (1) the appeal from the Bankruptcy Court's order dated March 2, 1987 (which denied the Secured Noteholders' motion for relief from stay); and (2) the appeal from the Bankruptcy Court's order dated February 26, 1987 (which approved the Settlement Agreement between the debtor and Viacom). The first page of that single designation is entitled "Designation of Record on Appeal." In the middle of the second page of that designation of contents there is a heading labeled "Record Pertaining to Review of Denial of Secured Noteholders' Motion for Relief from Stay." (That reference pertains to what correctly later became a separate civil action (No. 87–1772), the Secured Noteholders' appeal from the Bankruptcy Court's opinion and order of March 2, 1987.) At the bottom of the fourth page of that designation of contents there is a heading which reads "Record Pertaining to Review of Approval of Settlement Agreement with Viacom." That reference apparently pertains to an appeal which ultimately and properly became Civil Action No. 87–1667. It appears that the Secured Noteholders' attempt to accomplish the designation of contents for two distinct appeals from two separate orders in one single filing, not clearly designated, was a failure to appreciate the need for clarity and separateness in respect to these two appeals. While this shortcut may seem to be a minor flaw, it cuts to the heart of the clerk's fundamental filing system because it mixes into one filing step matters pertaining to two separate appeals that ultimately will become two separate civil actions. It should have been predictable that this attempt would fail. The clerk's office cannot be expected to read through pages of documents that are filed to discern the intent of the parties and to determine exactly what the attorney may have in mind but has not clearly expressed. A logical consequence was that the clerk in the bankruptcy clerk's office read the heading of the first page of the designation of contents, as he or she was required to do,

and since that heading did not specify the appeal for which the contents were intended to be designated by the attorney, the clerk turned to the second page and read the heading "Record Pertaining to Review of Denial of Secured Noteholders' Motion for Relief from Stay," which indicates a designation for an appeal of the matter later known as Civil Action No. 87–1772, and not the matter that became Civil Action No. 87–1667. As a consequence, the record in respect to one appeal became designated in respect to the second appeal, which left the first appeal without a designation of a record and, hence, eligible and ripe for dismissal. It is true that a party in the Bankruptcy Court who is appealing from an order does not, at the time a designation of record and issues is due, have a civil action number to place on the designation of contents since, at that time, the appeal has not received one. The *only number* which appellants can and should place on the designation of contents is the Bankruptcy Court docket number, which brings us to the second error. Here the Secured Noteholders' filing was improper because the caption included the following: "District Court Misc. No. 87–0099." Misc. No. 87–0099 involved two motions: one by the Secured Noteholders and one by the Program Creditors for a stay pending appeal. Those motions were denied by Order of this court on March 5, 1987. When the attorney filed the designation for an appeal and he/she used this miscellaneous number, he/she was using a district court number that was closed and had no more significance. Again, the *only* number that should have been used in the Bankruptcy Court to designate the record was the bankruptcy number.

■ Paragraph ten (10) of the Secured Noteholders' "Motion to Rescind and Amend Order of Dismissal," that the court has acted upon and is presently addressing, states as follows:

> All of the items required to perfect the within appeals, and to state the issues and designate the record as required by Bankruptcy Rule 8006, were *correctly* and timely *filed.*

(Emphasis added).

It seems clear to the court that if the attorneys for the Secured Noteholders had examined the appeal documents, as the court has been required to do in this Memorandum Opinion, the foregoing statement would be seen to be as inaccurate an assertion as could be conceived. Further, in the Secured Noteholders' motion to rescind and proposed order counsel contends that this court's Orders of March 30, 1987, which dismissed Civil Action Nos. 87–1667 and 87–1668, were "entered in error," "based on erroneous information." The fact of the matter is that the dismissals were not entered in error or based on erroneous information, but were precisely correct because the rules had not been followed.

II. *The Programmers' Appeal (Civil Action No. 87–1668)*

■ Civil Action No. 87–1668, the Programmers' appeal from the Bankruptcy Court's Order of February 26, 1987, which approved the Settlement Agreement between the debtor and Viacom, was also dismissed by this court by Order dated and filed March 30, 1987. The appeal was dismissed because the bankruptcy clerk's office did not receive a properly submitted designation of contents for inclusion in the record on appeal and a statement of the issues on appeal. A designation of contents and statement of issues was filed; however, it was improperly filed by the attorneys for the Programmers in the *district court* clerk's office (on the second floor of the Courthouse) instead of in the Bankruptcy Court clerk's office (on the third floor of the Courthouse) where it should have been filed. Additionally, the caption of that filing improperly included the following docket number: "District Court Miscellaneous No. 87–0099." This number, issued by the district court clerk's office has absolutely nothing to do with the designation of record and issues and served only to mislead and confuse rather than serve as an aid in the filing process.

In paragraph numbers six (6) and thirteen (13) of their motion to reinstate their appeal, the Programmers have acknowledged these two mistakes.

The clerks in the bankruptcy and district court clerks' offices did everything they were expected to do with regard to filing the papers counsel submitted. Counsel must simply apply more care and discipline so as to conform to the filing procedures and not simply submit improperly prepared papers for filing and expect the overburdened clerks' offices to interpret the parties' intent.[2]

See also, Bkrtcy., 28 B.R. 946, Bkrtcy., 51 B.R. 150.

---

2. It may be appropriate in bankruptcy cases where a large number of Bankruptcy Court orders are contemplated that will result in a correspondingly large number of appeals to the district court, that the bankruptcy judge consider numbering each order issued in that bankruptcy case sequentially (order #1, #2, #3, etc.). This would prevent confusion by all concerned with comparing what are sometimes lengthy word descriptions of Bankruptcy Court actions. The drawback of this procedure is, of course, that if it is adopted, every order must bear a number and there could be literally hundreds of them from which many would not be appealed. The obvious advantage of this system, however, is that it virtually prevents any errors in determining what bankruptcy orders are being appealed from. The attorneys may want to urge this suggestion to the Bankruptcy Court in the *Grant Broadcasting of Philadelphia, Inc.* case.